## No. 36
### YOUNGSTOWN MUNI. RY. CO. v. ULLMAN
Ohio Appeals, 7th Dist., Mahoning County
Decided Oct. 26, 1923

1115. STREET RAILWAYS—Verdict manifestly against weight of evidence was reversed in this case.

#### Epitomized Opinion

Roberta J. Ullman alleged that as she was passing from the front to the rear of a street car with her daughter the car was suddenly started and then stopped with a jerk and she was thrown against the iron post in the center of the car, sustaining serious injuries. The railway company denied that it was negligent. Ullman and her daughter were the only witnesses for plaintiff and their testimony sustained the allegations of the petition but two passengers and the motorman and conductor testified that the car started in the usual and ordinary way and moved forward five to ten feet, when it was stopped without being jerked. The jury returned a verdict for Ullman. In reversing the judgment the Court of Appeals held:

1. The verdict is against the manifest weight of the evidence.

Attorneys—For Railway Co., Kennedy, Manchester, Conroy and Ford, Youngstown; for Ullman, John Ruffalo, Youngstown.

## No. 37
### MASTERS v. BEAMER et al
Ohio Appeals, 7th Dist., Carroll County

1065. SCHOOLS—Board must provide means of education for pupils who have completed preparatory work—Under 7764-1 GC. the Board has its choice of methods of providing education.

747. MANDAMUS—Will not lie to compel School Board to provide one of the optional means of education authorized in the statute.

POLLOCK, J.

#### Epitomized Opinion

This was an action in mandamus brought by Masters to compel the Board of Education to provide transporation to the High School in Carrollton, Ohio, for one Robert Masters and Florence Masters, who lived more than four miles from high school and who had completed the elementary course of studies in the public schools. To this petition a demurrer was filed and overruled. The defendant then filed an answer, setting out among other things that the School Board had no funds with which to provide said transportation and could not procure the same. A demurrer to this answer was overruled. On June 7, 1922, after the school year was over, it appearing to the court below that the object sought was impossible of execution, the writ of mandamus was denied. In affirming the judgment of the lower court, the Court of Appeals held:

1. The Board of Education must furnish high school work for pupils within its territory who are within compulsory school age and who have completed the elementary work, but it can comply with that requirement in various ways.

2. Under 7764-1 GC. the matter of furnishing high school work to children four miles from a high school is left to the discretion of a Board, and it may either establish a high school in that district, transport the pupils to another high school, or send teachers to that district where the pupils live.

3. Where the Board can exercise an option or discretion, it cannot be compelled by an action in mandamus, to provide either of the optional means.

Attorneys—James W. Robertson and William Maffett, for Masters; J. C. Oglevee, for Beamer et al.